IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GUTIERREZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | NO. 1:08-CR-137-AWI<br><br>ORDER ON PETITIONER'S<br>REQUEST FOR RELIEF<br>UNDER 28 U.S.C. § 2255<br><br>(Document#48 ) |

## INTRODUCTION

Petitioner Elizabeth Gutierrez ("Petitioner") seeks relief under 28 U.S.C. § 2255 ("Section 2255")[1] from the sentence of thirty-six months that was imposed by this court on April 6, 2009, following Petitioner's entry of a plea of guilty to one count of using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b).

## FACTUAL AND PROCEDURAL HISTORY

Petitioner was convicted by a plea of guilty on October 27, 2008, to one count of using a communication facility to facilitate the commission of a felony. The Presentence Investigation Report ("Presentence Report") that was prepared for Petitioner's sentencing hearing calculated a base offense level of thirty-four because 350.4 grams of actual methamphetamine were involved in the offense. The base level was reduced by three levels because of Petitioner's role as a minor participant, three points were deducted for a mitigating role adjustment, and three points were

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

deducted for Petitioner's acceptance of responsibility. The final offense level was calculated to be twenty-five, with a criminal history category of I. Based on the 2007 edition of the <u>Guidelines Manual</u>, the guideline range for an offense level of twenty-five and a criminal history of I was fifty-seven to seventy-one months. However, because the statutorily authorized maximum sentence of forty-eight months was less than the low-end of the guideline range, the guideline sentence became forty-eight months. On April 6, 2009, Petitioner was sentenced to thirty-six months.

Petitioner's petition for a writ of habeas corpus pursuant to Section 2255 was timely filed on April 22, 2009.

## **LEGAL STANDARD**

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to relief.'" <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. §2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief, or "are so palpably incredible or patently frivolous as to warrant summary dismissal." <u>United States v. McMullen</u>, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations, which if true, would entitle him to relief. <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate: (1) a deficient performance by counsel, and (2) prejudice to him.

United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). To prove deficient performance of counsel, Petitioner must demonstrate that her attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985). Courts considering ineffective assistance of counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 57-59; Womack v. McDaniel, 497 F.3d 998, 1002 (9th Cir. 2007).

## DISCUSSION

I.  Counsel's Advice to Plead Guilty Given the Evidence Was Not Ineffective

Petitioner alleges that she received ineffective assistance of counsel because her counsel advised her to plead guilty even though she alleges that there was no evidence that she committed the crime (i.e. she was not present at the time and location of the crime, which she alleges was committed by her co-defendant, Maria Del Carmen Morales ("Morales")). Petitioner cannot demonstrate ineffective assistance of counsel because Petitioner fails to successfully contravene or object to the allegations contained in the Presentence Report. The Presentence Report reveals that Petitioner waived her Miranda rights and admitted to the authorities that she met with the

undercover agent and took him to the house where the drug transaction was to occur for the purpose of letting the undercover agent view the available narcotics for sale.

Here, Petitioner has provided only conclusory assertions that she was not present at the time and location of the crime committed. Moreover, Petitioner admits in her Formal Objections to the Presentence Report that she knew Morales was involved in a drug transaction with certain "friends" (i.e. the undercover agents) and that Petitioner approached the "friends" and told them to follow her to the house where Morales was located. See Petitioner's February 17, 2009 Formal Objections at pages 2-3. Petitioner asserts that she was arrested shortly thereafter and "when interviewed by the agents she admitted what they already knew she had done." See Petitioner's February 17, 2009 Formal Objections at page 3. Therefore, based on Petitioner's own admissions, it appears that Petitioner was in fact present at the time and location of the crime as she is the one that led the undercover agent to the house where the narcotic transaction was going to take place. Petitioner presents no facts that contradict or contravene the specific facts set forth in the Presentence Report that substantiate the finding that there was evidence to prove that Petitioner committed the crime.

Accordingly, Petitioner's mere conclusory and contradictory allegations that she was not present at the time and location of the crime fail to demonstrate deficient performance by her counsel.

II.    Counsel's Advice to Plead or Risk a Charge of a Crime of a Larger Sentence Was Not Ineffective

Petitioner also alleges she received ineffective assistance of counsel because her counsel allegedly told her that if she did not plead guilty, she would be charged with a crime that carried a much larger sentence. Petitioner asserts that she was not present at the time and location of the crime and plead out of fear. Petitioner cannot demonstrate prejudice because she does not allege that, but for her counsel's alleged errors, that she would have rejected the plea offer and insisted on going to trial. See Hill, 474 U.S. at 58. Petitioner does not allege specific facts that would have compelled a different and more favorable outcome had her attorney not advised her to plead

guilty under the facts of this case. Specifically, Petitioner alleges that she plead guilty out of fear, but Petitioner has not carried her burden to demonstrate exactly how competent advice would have lead to a different outcome.

Accordingly, the court finds that Petitioner has failed to allege facts sufficient to demonstrate prejudice.

III.     Counsel's Advice to Plead Guilty to Lesser Charge Was Not Ineffective

Lastly, Petitioner alleges that her attorney provided ineffective assistance of counsel because he advised her that if she plead guilty to the lesser charge then she would receive probation, when in fact Petitioner was sentenced to thirty-six months. Petitioner has not shown that she was denied the effective assistance of counsel. The general rule is that an inaccurate prediction of a sentence does not entitle the claimant to relief under an ineffective assistance of counsel claim. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (holding that counsel's inaccurate prediction that guilty plea would result in twelve-year sentence did not rise to the level of gross mischaracterization or ineffective assistance of counsel even though court ultimately imposed a fifteen-year sentence). The only exception potentially applicable in this case is that an erroneous prediction regarding a sentence may constitute ineffective assistance if it constitutes a "'gross mischaracterization of the likely outcome' of a plea bargain and [is] combined with . . . erroneous advice on the probable effects of going to trial.'" Iaea v. Sunn, 800 F. 2d 861, 864-65 (9th Cir. 1986). Thus, a mere inaccurate prediction, standing alone, would not constitute ineffective assistance. Id. at 865. Petitioner merely alleges an inaccurate sentencing prediction and therefore fails to establish an Iaea exception. Even assuming that counsel's prediction constituted ineffective assistance rather than an error based on his reasonable professional judgment, Petitioner has not shown that there is a reasonable probability that, but for these statements, she would not have pleaded guilty. Hill, 474 U.S. at 59.

Accordingly, Petitioner fails to establish that her counsel rendered ineffective assistance of counsel based on her attorney's sentencing advice.

THEREFORE, in consideration of the above, Petitioner's petition to correct, vacate, or

5

set aside the sentence imposed on April 6, 2009 is DENIED.

**ORDER**

For the reasons set forth above, this court orders the following:

1. Petitioner's Section 2255 petition is dismissed;
2. Clerk of the Court is ordered to close this case.

IT IS SO ORDERED.

**Dated:   September 10, 2009**                      /s/ Anthony W. Ishii
                                                                 CHIEF UNITED STATES DISTRICT JUDGE